UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANTHONY ACOSTA,

Plaintiff,

-v.-

STEVEN M. ROSS; DAVID KATZ; LAUREN
GEER; and RELATED MANAGEMENT CO., L.P.,

Defendants.

23 Civ. 10292 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff filed the Complaint in this matter on November 22, 2023 (Dkt. #1), followed by an Amended Complaint on December 12, 2023 (Dkt. #3). On March 4, 2024, Chief Judge Laura Taylor Swain granted Plaintiff leave to proceed in this Court *in forma pauperis*, without prepayment of fees, pursuant to 28 U.S.C. § 1915. (Dkt. #4).

On May 31, 2023, this Court issued an Order of Service (Dkt. #6) directing the Clerk of Court to (i) issue summonses for Defendants Related Management Co., L.P. and its employees Stephen M. Ross, David Katz, and Lauren Geer, and (ii) deliver all documents necessary to effectuate service on those Defendants to the U.S. Marshals Service, which would be responsible for effectuating service in this matter. *See Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [*in forma pauperis*] cases."); *but cf. Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service if service is not timely

effected).  On June 6, 2024, the Clerk of Court accordingly issued a summons for each Defendant and delivered the documents necessary for effectuating service to the U.S. Marshals Service.  (Dkt. #7; *see* June 6, 2024 Minute Entry).

On July 11, 2024, this Court received a letter from Plaintiff (Dkt. #10) and an accompanying "Notice of Motion to Submit Electronic Device as Evidence" (Dkt. #9).  In his letter, Plaintiff requests (i) "a Mediator/Mediation or … for speedy trial/relief due to irreversible hardships" and (ii) "that [certain] body cam footage be accepted into evidence."

The Court first addresses Plaintiff's request for "a Mediator/Mediation or … for speedy trial/relief due to irreversible hardships."  The U.S. Marshals Service has 90 days from the date the summonses were issued (June 6, 2024) to effectuate service, which here would be **September 4, 2024**.  *See* Fed. R. Civ. P. 4(m).  Assuming service is effectuated on or before that date, Defendants would be required to answer or otherwise respond to the Amended Complaint on or before **September 25, 2024**.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Upon Defendants' appearance, the Court will issue an order referring this case to the Court's Mediation Program and instructing the Clerk of Court to attempt to locate *pro bono* counsel for the limited purpose of representing Plaintiff at the mediation, after which point the mediation will be scheduled. Unfortunately, the Court is unable to expedite this process, as it is governed by the deadlines set forth in the Federal Rules of Civil Procedure.  Additionally, the Court cannot guarantee the availability of *pro bono* counsel.

Next, the Court addresses Plaintiff's request "that [certain] body cam footage be accepted into evidence." Local Civil Rule 83.9 and the Mediation Program Procedures shall govern the parties' mediation. Under those rules, the Court-appointed mediator will make decisions regarding the use of discovery materials in the mediation. Once a mediator is appointed to Plaintiff's case, Plaintiff should discuss his request with the Court-appointed mediator.

The Clerk of Court is directed to terminate the pending motion at docket entry 9. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated:   July 19, 2024
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge