UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



Pro se

Case no. 1:23-10292-KPF

Request to Vacate, Motion to Dismiss

From Action

Michael Anthony Acosta   pro se

Plaintiff

      v

Ross, et al

Via ECF

Honorable Katherine Polk Failla, United States District Judge

United States District Court – Southern District of New York

40 Foley Square, Room 2013, New York 10007

    Re: Michael Anthony Acosta v. Related Management Company, L.P. et al.

    Case No.; 1:23-cv-10292 (KPF)

Dear Honorable Judge Failla,

Plaintiff would ask as it would seem reasonable the advantage of powers and law being swayed to have motion against defendants dismissed by technicality, as Defense Counsel Shira M Blank, displays such privilege of the Bar association She is a member of and its connections of, that She deems it unnecessary to address, as Plaintiff has been directed or advised numerous amounts of times, to make sure to address, Your Honor, as "your Honor" or "Honorable Judge Failla". Plaintiff asks that it be recognized that, Plaintiffs claims of violations been vetted by EEOC and Your Honor, Honorable Judge Failla, that granted Plaintiffs claims to be heard, and Defendants Counsel, insult the intelligence of Plaintiff as a layman, by ignoring discovery in attempt for quick dismissal on technicality, rather than see justice fair and equal as Plaintiff still be an employee suffering the ongoing effects of defendant's powers and violations.

Plaintiff will rely on Your Honors First Order of Plaintiffs case;

"The court construes Plaintiffs complaint as also asserting claims under the New York State and City Human Rights Laws. (See id.) See Mcleod v. Jewish Guild for the Blind, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a pro se Plaintiff's factual allegations supported claims under "well-known"

provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of (plaintiff's) failure to check the appropriate blank on a form to proceed in forma pauperis ("IFP"), that is without prepayment or fees"

Plaintiff would believe this to be to mean the same for Plaintiff's allegations as one could not be permitted and not the other.

Plaintiff Believes the serious violations of the defendants and that which they have permitted or inadvertently permitted, to be carried out against Plaintiff, be culpability of defendants in stopping retaliation and harassment against an injured employee, regardless of work status of workers compensation doctors permit to return to work or not. Plaintiff holds that management claimed that "even if was able to work light duty, they have no light duty acceptance and would need to be back 100 percent" and Plaintiff further holds this be not of relevance to permitting or allowing such actions of staff and management in handling of an injured employee and following up of reports and actions taken to assure injured employee guarantees of workers compensation agreement or contract.

Plaintiff would rely also on the fact the defendants and their defense all advertise and have "Bios" that claim to be of help to stop such harassments and retaliation in the work place as the defendants allowed and created and are culpable of.

Plaintiff also raised fact that Defendants Mr. Ross and Mr. Katz be of officers of the court and have unfortunate on going responsibilities as officers of the court and the duties of the Defendants to ensure against liabilities to employees, as well as the on-going duties of an officer of the court and rules of professional conduct (RPC) and qualified immunities.

Plaintiff would rely on the fact HR VP(Lauren Geer) failed to act or file report of Plaintiffs complaints, all the way to Mr. Ross whom also has great claims in his bio of rights of employees and the housing field as they lent no hand while they put an injured employee in the streets when there was reasonable accommodation available, as Plaintiff holds they do not have to afford but when they do not for specific reasons of retaliation it would allow for the defendants to be held culpable.

Plaintiff Believes, Your Honor has not "errored" in Judgement as applied by defendants, and defense counsel Shira M. Blank, in allowing Plaintiffs Claims and Allegations to be heard and defendants stand trial for their actions or lack of action amongst a jury of their Peers or Your Honor as of.

Plaintiff has let it be known to the court the ongoing suffering of Plaintiffs by the powers and actions of defendants and would ask that any drawn out attempts by defense to be ceased as they only tactic and create further irreversible undue hardships to Plaintiff, as he not only suffers of his physical injuries but financially and mentally, as surely Shira M Blank can reasonably understand as is boasted of in her "4-tips as EEOC takes aim" that states the rise of "litigation to mental health" as this Plaintiff would hold as Plaintiff believes the very reason for such mental health issues of workers, injured workers and citizens and people of New York and the United States.

Plaintiff asks how can those who claim to be of that which seeks to help be the adverse ones to create, in injustices to victims and injured workers or any other claims of their Bios.

Plaintiff ask Justice be Fair and Swift and Defendants request to dismiss actions against them be denied/vacated, so they may face their peers and answer of their actions or lack thereof, which be diligently pertinent of their duties and titles and any qualified immunities as officers of the court.

Plaintiff has sought relief as was excepted as within reason, Plaintiff has shown the lengths to try to have actions against him stopped so Plaintiff may focus on his injuries and in turn had to put treatments secondary to defending his rights home job from tyrants whom were permitted continued actions violating Plaintiffs rights. Plaintiff also would rely on as was raised as to his resume as submitted upon hire of his being recovering alcoholic and heroin addict reformed through incarceration and rehabilitation. Plaintiff believes as so mention before, the fact that show defendants' true nature that they would sooner have Plaintiffs actions against them dismissed on technicality rather than meeting with Plaintiff, still employee, to try to rectify the claims Plaintiff is has and is suffering, defendants rather than try to down play Plaintiffs injuries and claims of violations. Plaintiff is sure defense counsel Shira M Blank would argue differently is representing Plaintiff, Plaintiff will rely on the nexus of the lawyers and Bar association which disadvantage Plaintiff from securing legal counsel.

Plaintiff believes that if defense counsel Shira M. Blank reviewed Plaintiffs complaint discovery, would as she would see the extreme lengths, he went through to try to seek relief, as the Violations cannot be ignored of a Human Resources VP, RMC Attorney Mr. Katz and Mr. Ross whose name ended in all threats to Plaintiff being fired if not complying with mandates. Plaintiff holds that these very allegations and violations need not be swept under rug by technicalities that are not of weight bearing to a victim or pro se plaintiff, as the violations out weight the technical quick fix of the defense, who claim of Bios to be against this very behavior. Plaintiff ask it be recognized his requests for legal assistance so he is not disadvantaged by these protective super attorneys, and asks Your Honor to consider the powers the Defendants hold over Plaintiff in seeking legal representation or relief in actions against their willful or other neglect that hold them culpable of the claims against them.

Plaintiff hold that he still suffers as a result of not seeking relief and timely fashion not apply as they are "on going". Plaintiff will also like it to be addressed the tactic that defense sent notice on the 7th postmarked and Plaintiff still has not been properly notified by Mediator as delays in attempts for Plaintiff to not make 3-day response. Plaintiff hold they had the discovery from EEOC and they still were granted 90 days to respond, Plaintiff argues the 3 days to respond and tactics be undermining and be to disadvantage to Plaintiff and other victims seeking relief. Plaintiff Believes as granted Action by Honorable Judge Fialla were allowed and accepted with relief sought, and Plaintiff believes no error of Your Honor Failla, in allowing Plaintiff to seek relief in of sum. Plaintiff ask Your Honor to vacate motion or request to dismiss actions against defendants.

Plaintiff believes it be, outrageous that defense dare to argue Plaintiffs beliefs of discriminations He has been faced with his who life that had kept him prisoner to addictions that he had fought so hard to overcome, and the audacity to reject one's religious beliefs especially of the covid era. Plaintiff Believes the rejection to acknowledge the Plaintiffs injury be a long passed on nudge from defendants as to ignoring my injuries as fraudulent. Plaintiff holds that tier of fact has been proven of Plaintiff and these tactics defense to rake pro se Plaintiff through the coals till Plaintiff disappears be Vacated and Plaintiff seeks to bring the defendants before their peers to face justice, if they are so innocent then as Plaintiff holds they would not carry this matter forward without seeking to remedy an injured workers complaints, rather than defame, destroy and call them a fraud, ignoring claims or complaint of yet still

injured employee, whom suddenly the insurer wants to close not settle Plaintiffs workers compensation claim, another tactic to disadvantage Plaintiff, Shira M Blank would think as fire power, to some how discredit defendant or justify past actions of defendants and counter parts, as they to should be held to peers and accountable for actions. Plaintiff holds this be only remedy for relief for plaintiff so he may rebuild his life and seek proper medical care without the interference of insurer frivolous denials to profit from hearings etc. Plaintiff can continue his march and to uncover injustices and all nexus to defendants and a corrupt system hijacked by Tyrants whom have cornered the market of our government and legal System. Plaintiff will rely on cases against qualified immunities that the People as Plaintiff is has the overall power to disarm tyranny, that be when all else fails or all law fails to recognize clear violations of those of qualified immunities under Art. III.S2.C1.13.4 suits against qualified immunities, as an act of the People who reserve the right to remove any authority for acts of treason.

Plaintiff has only sought to stop action and has been led to this very instance, where these defendants could have very well ended, if taken actions as their duties extend to, when Plaintiff sought their help, as they were the first direct attempts plaintiff sought for relief of retaliation and harassment of an injured worker and person protected under religious beliefs. Plaintiff Believes Defendants directly culpable as claimed of Plaintiff. Plaintiff holds that those the defendants reach to sway or bend justice is equivalent to the criminal tampering with jury or jurors. Plaintiff would ask again that the language and methods or procedures of this court be foreign to him and would see as pro se Plaintiff this be injustice for these defendants be brought to answer for their lack of due diligence and wanting gross behavior such as Mr Katz violations RPC and HR Greer in failing to follow up on a complaint and reporting of as her duties would expect of her in such instances. Plaintiff holds Mr. Ross pushes his name and weight around his work places for result of fear so employees may comply or face termination. Plaintiff holds Defendants culpable as claimed, and sum be of relief sought as the Plaintiff has and is suffering reputational defaming, financial ruin and loss of profession and home, and left of permanent injury and irreversible undue hardships, and mental breakdowns. Plaintiff sees in light of defendants and defenses bios and claims of being heroic in helping discriminated workers, injured workers etc. they contradict themselves and would have to be discredited as officer of the court as their actions would display deceit and violations of RPC in lying under oaths, as to say that it is an injustice to discriminate a victim yet they intern discriminate against the next. Need be Plaintiff argue clear reason when it be already reasonably clear. Plaintiff made all arguments weather they were part of the put together motion or complaint against defendants they were raised and part of the discovery that was presented to EEOC and Your Honor, and as pro se these technicalities not fall weight against plaintiff, as Plaintiff only seeks relief and has no guidance as all questions asked of available personnel is answered in I'm not allowed to tell you that, I'm not allowed to guide you, help you etc. in seeking justice and the procedures of this court as expected, Plaintiff hold that isolation of victims from legal help or counsel would be unconstitutional and immoral and has become a common practice of keep away from any who challenge their authority, and it would be to Plaintiff an injustice to dismiss Plaintiff actions as defense requests on such weaving to technical error dismissal. Plaintiff ask it be recognized the changes in LAG and the Bars overtaking and the adverse legal compliance the Plaintiff be afforded ask that if language and procedure be so foreign to even some one familiar of, would grant Plaintiff right of legal counsel to interpret. Plaintiff ask that even volunteer if it interferes rather than help it it just a distraction interfering with Plaintiffs right to make timely assertions properly, as would seem those who claim to be great supporters of victims are here trying to dismiss a victim on technicalities that were already approved of and ghost written by the pro se court and any mention of Plaintiffs complaint inadvertently changed or removed should not be

weight of Plaintiff seeking relief as a victim. Plaintiff believes that an officer of the court does not get excuse of lack of diligence and obeyance to the RPC and judges Cannons of Law, which they are bound to under qualified immunities of, and certainly not in the name of business should an officer of the court claim the support of rights of victims and then on the other hand use swift technicalities to dismiss valid complaints of victims, as would reasonably seem a conflict of interest and violate the trust of the people and victims of the legal system, they seemingly up hold and stand for. Plaintiff Believes he satisfied the court of all grounds the frivolous requests for dismissal, claims he failed. Plaintiff also ask that the court recognize the Bios of defendants and Defense Counsel as provided to show the seriousness of lack of legal help willing to help Plaintiff, a victim, and employee. Plaintiff also would question ties to Borrelli and Walsh name of defense firm as they bare the same names of attorney's client paid and is paying and was abandoned in all Plaintiffs attempts to judicate and rectify the situation and have retaliation harassment and discrimination stop. (to the 6th degree)

Respectfully submitted,

Date: 11th Sept. 2024

Michael Anthony Acosta,

Plaintiff

Pro se

---

The Court has reviewed the Defendants' letter motion (Dkt. #22), requesting a pre-motion conference in anticipation of moving to dismiss the Amended Complaint, and Plaintiff's above letter (Dkt. #24), requesting that this Court deny Defendants' anticipated motion to dismiss this action.

The parties are ORDERED to appear for a pretrial conference on **October 2, 2024, at 11:00 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

The Clerk of Court is directed to terminate the pending motions at docket entry 22 and 24.

Dated:     September 19, 2024        SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE