**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT
2025 SEP 22 PM 5: 17
S.D. OF N.Y.W.P.

Plaintiff: Michael Anthony Acosta
Defendant(s): Related Management Companies, David Katz, Lauren Geer
Case No: 23 cv 10292 (KPF)

# MOTION TO RECUSE JUDGE FOR BIAS, VIOLATION OF DUE PROCESS, AND LACK OF JUDICIAL IMPARTIALITY

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, appearing pro se, and respectfully moves this Court to disqualify the presiding Judge pursuant to 28 U.S.C. § 455(a) and (b)(1), on the grounds of actual bias, appearance of impropriety, and failure to uphold constitutional guarantees of due process and equal protection under the law.

## I. LEGAL STANDARD

Under 28 U.S.C. § 455, a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or when the judge has a personal bias or prejudice concerning a party. The U.S. Supreme Court has held in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) that due process is violated when a judge fails to recuse despite an objective probability of bias.

## II. GROUNDS FOR RECUSAL

### 1. Appearance of Bias and Prejudgment

Plaintiff reasonably believes that the presiding Judge has shown clear partiality toward the Defendants and has prejudged material facts, as evidenced by: repeated dismissals of meritorious claims despite factual support, minimization of Plaintiff's medical hardship, and threats of sanctions or counterclaims aimed at coercing withdrawal of protected claims.

### 2. Disregard of Constitutional Claims

The Judge has failed to apply well-settled constitutional principles, including the First and Fourteenth Amendments, and protections under the ADA and New York Human Rights Law.

### 3. Failure to Consider Material Facts

The Judge has ignored critical and undisputed material facts including medical documentation, destruction of property, and retaliation.

### 4. Encouraging or Enabling Retaliation

By failing to sanction Defendants' misconduct, the Court has effectively enabled further harm to Plaintiff.

1

### 5. Disparagement of Plaintiff's Religious Beliefs
The Court's dismissive remarks concerning Plaintiff's religious beliefs undermine First Amendment protections and demonstrate bias.

### III. REQUEST FOR RELIEF
Plaintiff respectfully requests:
1. That the presiding Judge recuse herself from this matter pursuant to 28 U.S.C. § 455;
2. That all rulings made while bias was evident be reviewed for reconsideration under Fed. R. Civ. P. 60(b)(6);
3. That this case be reassigned to a judge who can adjudicate the claims without prejudice.

### IV. PRAYER
Plaintiff seeks only a fair opportunity to present the case on its merits. Impartiality is the bedrock of due process. WHEREFORE, Plaintiff respectfully prays that the Court grant this Motion to Recuse and for any such other relief this Court deems just and proper.

Respectfully submitted,

Michael Anthony Acosta
Claimant
P.O.Box 133
New Hampton, New York 10958

### CERTIFICATE OF SERVICE
I, Michael Anthony Acosta, certify that on this day, I served a copy of this Motion to Recuse upon all parties via personal service.

Date: September 16th, 2025

Autograph: *[signature]*

2

The Court has received Plaintiff's motion.

Plaintiff first argues that the Court has "failed to apply well-settled constitutional principles," that it "ignored critical and undisputed material facts," and that it "fail[ed] to sanction Defendants' misconduct." (Dkt. #46 at 1). But "[r]ulings adverse to a party are not regarded in and of themselves as evidence of such bias or prejudice as would require recusal." *Bishop* v. *United States*, No. 04 Civ. 3633 (CSH), 2004 WL 1497690, at *1 (S.D.N.Y. July 1, 2004).

Plaintiff next contends that the Court has "shown clear partiality toward the Defendants" and that it has made "dismissive remarks concerning Plaintiff's religious beliefs." (Dkt. #46 at 1-2). But as the Supreme Court has observed, "judicial remarks ... that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless "they reveal an opinion that derives from an extrajudicial source ... [or] they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky* v. *United States*, 510 U.S. 540, 555 (1994). Plaintiff has pointed to no such extrajudicial source or otherwise shown that the Court's fair judgment was impossible. Therefore, Plaintiff has failed to establish that this Court "has a personal bias or prejudice either against [Plaintiff] or in favor of any adverse party." 28 U.S.C. § 144.

In sum, because the standards governing disqualification are not met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

For the foregoing reasons, the Court DENIES Plaintiff's motion. The Clerk of Court is directed to terminate the pending motion at docket entry 46, and to mail a copy of this endorsement to Plaintiff at his address of record.

SO ORDERED.

Dated:   September 24, 2025
         New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE